IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY WHITE,                          )
                                      )
              Plaintiff,              )
                                      )
     v.                               )     No.  11 C 8558
                                      )
CAROLYN W. COLVIN, Acting             )
Commissioner of Social Security,)
                                      )
              Defendant.              )

MEMORANDUM ORDER

After Social Security claimant Larry White ("White") had

prevailed in this action by obtaining a remand of the case to the

Commissioner of Social Security for further proceedings, his

counsel filed a motion for attorney's fees under the Equal Access

to Justice Act.  With the briefing process on that motion having

been completed by the filing of a reply by White's counsel, the

matter is ripe for decision.

That reply memorandum is strong medicine indeed, for it

demonstrates graphically the unpersuasiveness of the

Commissioner's position, which involves both a mistaken attempt

to rely on Mathews-Sheets v. Astrue, 653 F.3d 560, 562 (7th Cir.

2011) and a misreading of EAJA itself.  As for the latter, 28

U.S.C. §2412(d)(2)(A) expressly makes an increase in the cost of

living a factor that may alone justify a fee higher than $125 per

hour.  Here, for example, is what this Court's colleague

Honorable Charles Kocoras said on that issue in Just v. Astrue,

11 C 1856, 2012 WL 2780142, at *2 (N.D. Ill. July 9):

> The Commissioner contends that Just has failed to
> establish that no lawyer in the Chicago metropolitan
> area would handle Just's case without the proposed cost
> of living increase.  The Court does not read the
> holding in Mathews-Sheets so narrowly.  As Just aptly
> points out, the Commissioner's interpretation would
> impose an unrealistic onus on claimants, as they would
> be required to prove that absolutely no attorney in a
> given geographical areas would represent a claimant at
> $125 per hour.  This could not be what the Seventh
> Circuit intended.  Rather, it is more likely that
> Mathews-Sheets only requires that a claimant present
> evidence showing a general increase in attorney's fees
> in the relevant geographical area due to inflation,
> such that the legal market could not sustain an hourly
> rate of $125.  Just has provided several affidavits
> from regional attorneys stating that they could not
> accept social security cases without a cost of living
> adjustment to the EAJA.  Moreover, the Commissioner has
> not presented any evidence to rebut Just's affidavits.

In this instance White's counsel has more than amply brought
to the fore a host of additional District Court opinions that
have also rejected the Commissioner's distorted reading and have
granted enhanced hourly rates for counsel based on the cost-of-
living factor.  This Court has reviewed both White's claim and
the Commissioner's response in detail, and White has the better
of it by far.

Because the Commissioner does not challenge the time spent
by White's counsel (which seems objectively reasonable to boot),
the only question for decision is the hourly rate.  And this
Court finds that the hourly rate sought is totally reasonable,
thus supporting an award of attorney's fees of $10,067.69 plus
$33.73 in expenses.  Judgment is therefore ordered to be entered
in White's favor and against Commissioner in the aggregate sum of

$10,101.42.[1]

_(signature)_

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 27, 2013

_____

[1]  In accordance with the Commissioner's responsive memorandum, the government will evaluate the propriety of directing payment to White's counsel upon a showing of an assignment authorizing such handling.